UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN VANLEUVEN,

    Plaintiff,

v.

BANK OF AMERICA, N.A., ET AL.,

    Defendants.

                                      /

Case No. 11-12634

District Judge Victoria Roberts

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

      This is a mortgage foreclosure case, brought as a quiet title action. Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint [Doc. #17] filed by Defendants Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS"), which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the amended complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

      Plaintiff alleges that on February 25, 2008, he and his wife borrowed $181,171.00 from Countrywide Bank, FSB ("Countrywide") for the purchase of real property in Springfield Township, Michigan. Plaintiff and his wife executed a promissory note in this amount, secured by a mortgage on the property granted to MERS "as mortgagee and nominee for Countrywide and its successors and assigns." *Amended Complaint*, §§ 6-8; *See also Defendants' Exhibit A* (the mortgage). The mortgage was recorded with the Oakland County Register of Deeds. MERS subsequently assigned the mortgage to BAC Home Loans Servicing, LP ("BAC"), and the assignment was also recorded with the Oakland County

Register of Deeds. *Amended Complaint*, § 11. Defendants have submitted the unrebutted affidatit of Michael Labrum as Exhibit D. This affidavit shows that as of July 1, 2011, BAC was merged into Defendant BANA, which currently possesses the original note.

Plaintiff defaulted on the promissory note. *Amended Complaint*, § 12. BANA then commenced foreclosure by advertisement proceedings pursuant to Michigan law, and purchased the property at a Sheriff's Sale. *Id*., § 19; *see also Defendants' Exhibit E* (Notice of Foreclosure and Sheriff's Deed). The redemption period has expired, and Plaintiff has not redeemed the property. However, he alleges that he filed the present lawsuit before the expiration of the redemption period.

Defendants argue that the amended complaint should be dismissed for numerous reasons, including (a) Plaintiff lacks standing to challenge the Sheriff's Sale, the assignment of the mortgage to BANA, and the securitization of the mortgage; (b) the foreclosure was conducted in compliance with Michigan law; (c) MERS had a valid interest in the mortgage that was properly assigned to BANA; and (d) Plaintiff has failed to allege facts showing that BANA is not the holder of the note at the time of the foreclosure.

In his response to this motion [Doc. #18], Plaintiff summarizes his claim on p.7:

> "Plaintiffs in their Complaint allege that BA is not the proper holder in due course of the promissory note or the mortgage in this case and thus would not be the proper party to foreclose. This would invalidate the Sheriff's Sale and allow this court, following Michigan law, to rescind the Sheriff's Sale and then quiet title and remove the invalid mortgage allegedly held by BA. In essence, Plaintiff further seeks to determine to whom he owes payment obligations under the promissory note following the UCC and to eliminate invalid mortgage interests encumbering his Property and subjecting him to potentially paying the same debt multiple times to multiple parties."

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that

-2-

if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2] First,

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

[2] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

Plaintiff contends that "none of the listed Defendants have (sic) any rights to enforce any mortgage on the Property, i.e., none of the Defendants would fit the definition under Michigan law of a party that has the rights to enforce the recorded mortgage as it has been assigned." *Plaintiff's Response*, at 14. Citing M.C.L. § 600.3204, Plaintiff goes on to state that "only a party with a valid mortgage interest may foreclose by advertisement on real property." *Id*. Plaintiff contends that any mortgage interests the Defendants had "were severed from that of the note in the securitization process." *Id.*, at 18.

The Michigan Supreme Court's recent decision in *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), is fatal to Plaintiff's argument that as merely the mortgagee with an interest "severed from the note," MERS (as well as assignees of MERS) did not have the authority to foreclose pursuant to M.C.L. § 600.3204. *Sauerman* held:

> "[A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the

satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(l)(d).

\* \* \*

"[T]he Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who 'own[ ] the indebtedness' and parties who act as 'the servicing agent of the mortgage.'" [ *Saurman II,* 490 Mich. 909, quoting MCL 600.3204(l)(d).]

Based on *Saurman*, this district has rejected Plaintiff's arguments. In *Yousif v. Bank of New York Mellon* 2012 WL 2403472, \*3 (E.D.Mich. 2012), Judge Duggan held:

"Plaintiffs contend that Defendant did not own an interest in the indebtedness secured by the mortgage, and was therefore not permitted to foreclose by advertisement. Compl. ¶¶ 7–9. The Court disagrees. Defendant held a mortgage which was contingent upon the satisfaction of the promissory note. The Michigan Supreme Court has held that such a mortgage is an 'interest in the indebtedness' which permits the mortgage holder to foreclose by advertisement. *Residential Funding Co., L.L. C. v. Saurman,* 490 Mich. 909, 805 N.W.2d 183 (Mich.2011)."

Moreover, under *Saurman*, MERS, as mortgagee with an "interest in the indebtedness," not only had the right to foreclose, but the right to assign its interest to BANA, thereby giving BANA the right to foreclose. *See Fortson v. Federal Home Loan Mortg. Corp*. 2012 WL L 1183692, \*3 (E.D.Mich. 2012) ("The *Saurman* court held that MERS or an assignee of MERS can complete a foreclosure by advertisement because 'it is the owner ... of an interest in the indebtedness secured by the mortgage.' *Id.* A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute."). *Forston* also rejected Plaintiff's argument in this case that the "severance" of the note and the mortgage nullified the Defendants' right to foreclose:

Consistent with the *Saurman* decision, Wells Fargo had the right to receive

-5-

> the assignment of plaintiff's former mortgage [from MERS], and to foreclose upon it when plaintiff defaulted under the loan. The separation of the note and the mortgage, if true, did not extinguish Wells Fargo's mortgage on the subject property. *Id*. at *6

*See also Collins v. Wickersham*, 2012 WL 995208, *4 (E.D.Mich. 2012) (*"Saurman* recognized that MERS has a right to foreclose by advertisement where it is the mortgagee as nominee for the lender. 490 Mich. at 909, 805 N.W.2d at 183. MERS was therefore able to assign that same right to Wells Fargo.").

Plaintiff also appears to challenge MERS' and BANA's right to foreclose based on the securitization of the mortgage. First, Plaintiff argues that a securitized mortgage would be assigned many times, and that "[u]nder Michigan law, each of these transfers and assignments would need to be recorded." *Plaintiff's Response*, at 9. This is essentially a "chain of title" argument that the Sixth Circuit rejected in *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed.Appx. 97, 102-103, 2010 WL 4275305, *4 (6th Cir. 2010). In that case, Lehman Brothers, the original mortgagee, assigned the mortgage to "LaSalle Bank National Association as Trustee for the registered holders of LB–UBS Commercial Mortgage Trust 2005–C–1, Commercial Mortgage Pass–Through Certificates, Series 2005–C1 (the 'Trust')." This assignment was recorded with the Register of Deeds. However, there were also interim unrecorded assignments that occurred in the context of a pooling and servicing agreement.

The Sixth Circuit in *Livonia Properties* endorsed and affirmed the district court's holding that "record chain of title is comprised of documents that were filed in the County Register of Deeds' office." *Id*. at 100-101. The Court held:

> "This [public] record shows a clear chain of title from the original mortgagee to Farmington. Although Livonia has not articulated any alternative definition of 'record chain of title,' its argument clearly rests on the position that the term includes any and all interests in the property ever held by any individual or entity. *This position is not supported by the case*

*law.*" *Id*. (Emphasis added).

The Court also relied on *Arnold v. DMR Financial Services, Inc.,* 448 Mich. 671, 532 N.W.2d 852 (1995), which it discussed as follows:

> "In [*Arnold*], DMR, the financial institution foreclosing on the mortgage, had granted a security interest in the mortgage to another entity, which did not record its interest. The foreclosed party argued that the foreclosure was not carried out in accordance with the statute because the security assignment was not within the chain of title. The Michigan Supreme Court disagreed, restating its long-held position that 'the presence of an unrecorded security assignment was irrelevant.' *Id.* at 856. *Arnold* actually involved a prior version of the foreclosure-by-advertisement statute that said that *all* assignments must be recorded. *Id.* at 855. *Even under that stronger language, which is clearly more favorable to Livonia's position than the current requirement that the foreclosing party have 'record chain of title,' the Michigan Supreme Court was clear that the lack of recordation did not invalidate the foreclosure.*" *Id*. (Emphasis added).

In short, under Michigan law there is a proper "chain of title" of the mortgage in this case, expressed in the public record, from MERS to BANA. And as discussed above, any "severance" of the mortgage from the note occasioned by the securitization has no bearing on BANA's right to foreclose, as assignee of MERS.

Finally, Plaintiff argues that "as the promissory note is transferred and securitized, it is severed from the mortgage, rendering the security interest invalid under the principles of the Uniform Commercial Code...." *Plaintiff's Response*, at 10. Specifically, Plaintiff contends that the Defendants have violated Article 3 (negotiable instruments ) and Article 9 (secured transactions) of the U.C.C. *Id*. at 19.  However, neither Article applies to mortgages or sales of foreclosed real property. As to Article 9, *Tate v. BAC Home Loan Servicing*, *LP*, 2011 WL 3957554, *5 (E.D.Mich. 2011), held:

> "The law is clear that Article 9 of the Michigan Uniform Commercial Code applies only to sales of personal property and does not apply to sales of foreclosed property. *Munson v. Countywide Home Loans, Inc.,* 2008 WL 538866, *10 (E.D.Mich.2008); *Shirley v. NationStar Mortgage,* 2011 WL 1196787, *2 ('[T]he UCC applies to personal property, not real property.'), citing, *Schmidt v. National City Corp.,* 2008 WL 5248706, *10

(E.D.Tenn.2008)."

Regarding Article 3, *Schare v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 2031958, *2 (E.D.Mich. 2012), held:

> "Furthermore, the UCC provisions Plaintiff relies upon are part of Article 3 of the UCC and this section of the UCC is inapplicable to mortgages. *See Jaboro v. Wells Fargo Bank, N.A.,* 2010 WL 5296939 at * 6 (E.D.Mich. Dec.20, 2010) (holding that Article 3 of the UCC does not apply to mortgages because Article 3 applies only to negotiable instruments and '[a] mortgage instrument is not a negotiable instrument since it does not "contain an unconditional promise or order to pay a sum certain.... A mortgage merely secures payment of the negotiable instrument. In effect, the mortgagor merely grants a security interest in the real estate to the mortgagee."' *Id.* (citations omitted)); *Howze v. New Century Mortgage Corp.,* 2008 WL 5110521, at *1 n. 1 (E.D.Mich. Dec, 2, 2008) (citing *Mox v. Jordan,* 186 Mich.App. 42, 46, 463 N.W.2d 114, 115 (1990)); *Hilmon v. MERS, supra.*"

Because the fundamental basis of Plaintiff's claims are undermined by *Saurman* and the other authority cited above, it is not necessary to address Defendants' remaining argument that Plaintiff lacks standing to challenge the Sheriff's Sale.[3] Plaintiff's amended complaint must be dismissed.

---

[3] I note, however, that in *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (Mich.1942), the Court held that "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right...all plaintiffs' rights in and to the property were extinguished." *Id.* at 187. *See also Overton v. Mortgage Electronic Registration Systems*, 2009 WL 1507342, *1 (Mich.App. 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished")(citing *Piotrowski*). *See also Awad v. General Motors Acceptance Corp.* 2012 WL 1415166, *4 (Mich.App. 2012) (redemption period not tolled by filing of lawsuit); *Schulthies v. Barron,* 16 Mich.App. 246, 247–248, 167 N.W.2d 784 (1969) ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." ). *But see Ahmad v. Wells Fargo Bank, NA,* — F. Supp. 2d—, 2012 WL 917769, *6 (E.D.Mich. 2012) (although the redemption period had expired, the plaintiffs' allegation "of continuing ownership of the Property . . . satisf[ied] the constitutional and prudential standing requirements" necessary to bring suit.).

## IV. CONCLUSION

I therefore recommend that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. #17] be GRANTED, and that the amended complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Date: July 19, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 19, 2012.

                                              s/Johnetta M. Curry-Williams
                                              Case Manager